2010 OK CIV APP 144

**In re the MARRIAGE OF Jeannine Marie CROUCH, Petitioner/Appellant,**

and

**Michael Don Crouch, Respondent/Appellee.**

No. 107,479.

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 5, 2010.

MaryGaye LeBoeuf, Oklahoma City, OK, for Petitioner/Appellant.

Nicholle Jones Edwards, Ryan J. Reaves, Mullins, Hirsch, Edwards, Heath, White & Martinez, P.C., Oklahoma City, OK, for Respondent/Appellee.

WM. C. HETHERINGTON, JR., Judge.

¶ 1 Appellant Jeannine Marie Crouch (Mother), the legal custodian of three children since the dissolution of her marriage to Appellee Michael Crouch (Father), appeals trial court's orders which granted Father's counter-motion for extended visitation and ordered her to pay $6,000 of his attorney fees. We conclude the trial court misinterpreted 43 O.S.Supp.2002 § 113 and erred as a matter of law when it refused Mother's request to permit the parties' fourteen year old son to state his preference regarding visitation.

*FACTS*

¶ 2 The parties' marriage was dissolved by consent decree approved by the trial court and filed in Comanche County District Court on December 22, 2005 (2005 Decree). Mother was awarded sole legal custody of their three children subject to Father's visitation rights. Mother and children moved to Oklahoma City in May 2006 and Father moved to Fort Smith, Arkansas in June 2007, where he had purchased a motorcycle dealership. Visitation continued under the 2005 Decree except for the parties' agreed-to written modifications.

¶ 3 In April 2008, Mother moved to modify visitation and child support in Oklahoma County, alleging a substantial and material change of circumstances since the 2005 Decree being, the distance in excess of 75 miles from her home in Oklahoma City and Fa-

ther's home in Ft. Smith, the age of the children, and a protected exchange location, all necessitated a definite, long-distance visitation schedule. Father similarly alleged in his "Answer and Counter Petition to Modify Visitation and Child Support" as changed circumstances "the parties['] location, the age and preference of the children and the home schooling of the children." He requested shared parenting with a "week on/week-off schedule" or alternatively, a substantial increase in visitation.

¶ 4 In October 2008, Father cited Mother for indirect contempt alleging she denied him visitation. Mother pleaded not guilty and requested a jury trial and the issue was reserved. In January 2009, Father voluntarily dismissed the citation and filed a motion to enforce visitation pursuant to 43 O.S. 2001 § 111.1. Mother responded by filing a motion to dismiss Father's motion.

¶ 5 After the filing of trial briefs, the issues raised by the parties' various motions were heard by the trial court on five separate trial days in March and April 2009. During the trial, Mother, Father, and several witnesses testified and the trial court admitted numerous exhibits into evidence. In relevant part, Mother testified and objected to Father's proposed expanded visitation. The parties' counsel agreed to written closing arguments. On June 15, 2009, the trial court filed a memorandum ruling on the issues and ordered Father's counsel to prepare a journal entry consistent with that ruling. The trial court's "Order" filed July 30, 2009, in relevant part, found that Mother's "home schooling program provide[d] a unique opportunity to allow expanded visitation" and it was in the best interest of the children to modify visitation every other weekend from Thursday evening until Monday evening. The court further found that Father had demonstrated Mother denied or interfered with his visitation due to a difference in opinion on the prior order, "such interference was not willful," and he was entitled to twenty-eight days of make up visitation. Mother's appeal followed, which she amended to include re-

view of the trial court's January 12, 2010 Order granting Father $6,000 in attorney fees.

## ANALYSIS

¶ 6 For reversal, Mother alleges the trial court's extended visitation order (1) impermissibly interferes with her decision regarding the education of the parties' sons, (2) amounts to a *de facto* prohibition on home schooling, (3) is not supported by any evidence that her educational choices are illegal or affirmatively harmful to the children, and (4) is not in the best interest of the children. She also alleges the trial court erred when it refused to permit the parties' fourteen year old son to state his preference regarding visitation. We find the latter issue dispositive of this appeal.

¶ 7 Mother argues the trial court misinterpreted 43 O.S.Supp.2002 § 113 by limiting a child's statements of preference to those concerning "custody" or "limits of visitation." She argues such interpretation ignores § 113's plain and unambiguous language requiring a trial court to also allow a child over the age of twelve years to express his preference to "periods of visitation."

¶ 8 A trial court's construction and application of a statute presents a question of law subject to *de novo* review on appeal. *Stump v. Cheek,* 2007 OK 97, ¶ 9, 179 P.3d 606, 609. "An appellate court claims for itself plenary, independent and non-deferential authority to re-examine a trial court's legal rulings." *Barber v. Barber,* 2003 OK 52, ¶ 5, 77 P.3d 576, 578.

¶ 9 Oklahoma's "Preference of child" statute, enacted in 1975 as 12 O.S. § 1277.1, gave the trial court discretion to allow a child to express preference for "custody" in "divorce actions." The 1986 amendment allowed the same discretion in "legal separation or annulment" actions and expanded the child's permissible expression to "custody or limits of or period of visitation." Section 1277.1 was renumbered in 1989 to 43 O.S. § 113. Based on the 1991 version of § 113 [1] and early

1. The 1991 version of § 113 provided, in relevant part:

In any action for divorce, legal separation, or annulment in which a court must determine *custody or limits of or period of visitation,* the

Oklahoma case law[2], the Court in *Nazworth v. Nazworth*, 1996 OK CIV APP 134, 931 P.2d 86, determined the trial court had erred by entering a directed order on a motion to modify custody without hearing from a thirteen year old child who had expressed his preference to live with his father.

¶ 10 In 2002, the Legislature made significant changes to 43 O.S. § 113, which language is emphasized in the following relevant parts:

A. In any action or proceeding in which a court must determine custody or limits of or period of visitation, the child may express a preference as to which of its parents the child wishes to have custody.

B. 1. The court *shall determine* whether the best interest of the child will be served by the child's expression of preference as to which parent should have custody or limits of or period of visitation rights of either parent. If the court so finds, the child may express such preference or give other testimony.

2. *If the child is of a sufficient age to form an intelligent preference*, the court *shall consider* the expression of preference or other testimony of the child *in determining custody or limits of or period of visitation*. The court shall not be bound by the child's choice and may take other facts into consideration in awarding custody or limits of or period of visitation. However, if the child is of a sufficient age

to form an intelligent preference and the court does not follow the expression of preference of the child as to custody, or limits of visitation, the court shall make specific findings of fact supporting such action if requested by either party.

3. *There shall be a rebuttable presumption that a child who is twelve (12) years of age or older is of a sufficient age to form an intelligent preference.*

As discussed in *Ynclan v. Woodward*, 2010 OK 29, ¶ 19, 237 P.3d 145, 43 O.S.Supp.2002 § 113 *"require* [s] the court to determine that the best interest of the child will be served by expressing preference" and gives "the trial court discretion to consider a child's preference, *unless if the child is of sufficient age*, [presumably 12 or older], *in which case the court is required* to consider the expression of preference or other testimony." (Emphasis added.)

¶ 11 The March 31, 2009 trial transcript confirms the trial court interpreted § 113 as having no application to the issues in this case. After Mother's counsel requested the trial court speak to her twelve year old son regarding his preference to the visitation schedule,[3] the trial court requested the basis for her request "as to limiting the visitation." Mother's counsel discussed relevant parts of 43 O.S.2001 § 113, and again the trial court questioned the basis for allowing a child's preference for visitation, stating the child's preference may be expressed "as to which of

---

child may express a preference as to which of its parents the child wishes to have custody. The court *may determine* whether the best interest of the child will be served by the child's expression of preference *as to which parent should have custody or limits of or period of visitation rights of either parent*. If the court so finds, the child may express such preference or give other testimony. *The court may consider the expression of preference or other testimony of the child in determining custody or limits of or period of visitation.* Provided, however, the court shall not be bound by the child's choice and may take other facts into consideration in awarding custody or limits of or period of visitation. (Emphasis added.)

2. The *Nazworth* Court found two Oklahoma cases and the 1991 version of § 113 mirror the "universal rule" allowing the courts to consider in determining custody the wishes of a child who is of sufficient age, intelligence, and discretion to exercise an enlightened judgment as to its future

welfare ... "because the consideration of such wishes will aid the court in making a custodial decision which is for the best interest and welfare of the child." The Court in the first case, *Ex parte Hudspeth*, 1954 OK 172, 271 P.2d 371, affirmed the trial court's custody determination because the child "was of the age and intelligence to give mature consideration to his own problems." In the second case, *Bishop v. Benear*, 1928 OK 553, 270 P. 569, 571–572, the Court found the trial court erred in not taking into consideration the wishes of three children, ages 14, 12, and 10, in determining their custody and reversed with directions for the trial court to hold a hearing for that purpose.

3. We note for the record Father's counsel objected at this point, claiming surprise and the son was not listed on Mother's witness list; but no decision on that objection was ever made.

its parents the child wished to have custody." After Mother's counsel pointed out § 113(B) refers to "custody or limits of, or period of visitation" and that Father's pleading had raised the issue of the children's preference, the trial court responded he "typically limited interviews for preference to custody." ·

¶ 12 Mother's counsel next requested to make an offer of proof on Father's proposed "one week on/one week off, that definitely is an impact and it's the same as … almost like a switch in the custody, and that certainly impacts a child that has the ability to form an intelligent preference." The trial court replied:

> Well, I asked what authority that this Court had. I have a little concern about talking to a child about visitation and so forth, unless there are some specific concerns about limiting the visitation. That would be, not the time element of it. But that would be the exposure of the visitation.

Mother's counsel respectfully reminded the trial court the issue was "not just regular across town visitation. This is long distance visitation. And the transit time … is certainly something he could discuss." The trial court stated, "that's not what I interview a child for … I'm not trying to confirm facts, find out facts. I'm just trying—I look at a preference for **custody.** And this Court, at this time, doesn't view that we've risen to the level, for the purpose of interviewing a child." (Emphasis added.)

[2] ¶ 13 The trial court's application of § 113 to only "custody" or when "limiting visitation", ignores the statute's clear and unambiguous language mandating the court to consider the preference of a child twelve years of age or older when determining "period of visitation" issues as clearly involved in this matter. Although the preference of a child who is twelve years or older is not binding on the trial court and is not the only factor the court should consider, in change of custody cases where the child has asked for the change a "best interest determination cannot be made fairly and reasonably without hearing from that child." *Nazworth v. Nazworth,* 1996 OK CIV APP 134, ¶ 6, 931 P.2d 86, 88. The trial court's total failure to com-

ply with § 113 in this case constitutes legal error, requires reversal of the trial court's orders modifying visitation and awarding attorney fees and remand of the case for further proceedings pursuant to § 113. *Bishop v. Benear,* 1928 OK 553, 270 P. 569, 571–572. Accordingly, we find it unnecessary to consider Mother's other arguments.

¶ 14 Based on the foregoing reasons, the trial court's orders are **REVERSED,** and the case is **REMANDED** for further proceedings in compliance with this opinion.

BUETTNER, P.J., and HANSEN, J., concur.